IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

VERSUS                                                                    CAUSE NO.: <u>4-16CR-113</u>

JOHNNY LEE BOOKER, JR.                                                                    DEFENDANT

## MOTION TO SUPPRESS

**COMES NOW, Johnny Lee Booker, Jr.,** Defendant in the above-styled and numbered cause, and files this his Motion to Suppress, and Defendant would show unto this Honorable Court that a weapon (gun) which was allegedly recovered from Defendant by law enforcement officers based upon an anonymous and uncorroborated tip, should be suppress for the law enforcement officers lacked reasonable suspicion to make a Terry stop.

In **United States v. White,** 648 F. 2d 29, 42 (Cir. 1981), the United States Court of Appeals stated the following:

> However, only 'reasonable suspicion," not probable cause, is necessary to justify a Terry stop. Reasonable suspicion requires a lower quantum of proof than does probable cause. **United States v. Afanador,** 567 F. 2d 1325, 1329 (5th Cir. 1978); **United States v. Gorin,** 564 F. 2d 159, 161 (4th Cir. 1977), cert denied, 434 U.S. 1080, 98 S. Ct. 1276, 55 L.Ed. 2d 788 (1978). Accordingly, courts have been more willing to allow stops justified only by anonymous tips corroborated by observation of innocent details than arrests based on similar information. In **United States v. Andrews,** 600 F 2d 563 (6th Cir.), cert. Denied sub nom. **Brooks v. United States,** 444 U.S. 878, 100 S. Ct. 166, 62 L. Ed 2d 108 (1979), the court upheld an investigative stop of a drug suspect in an airport though the sole basis for the stop was the corroboration of innocent details of an anonymous tip; the suspect's name and description and the flight on which he was arriving. The court placed a great emphasis on the fact that the tip alleged the drugs would be delivered to a known drug dealer; however, the dealer was nowhere in sight at the time of the stop.

Similarly, the Fifth Circuit Court of Appeals stated the following in **United States v. McLeroy,** 584 F. 2d 746, 7467-68 (Cir. 1978):

> A police officer may make an investigatory stop of the driver of an automobile if the officer

-1

'reasonably. . . conclude(s) in light of his experience that criminal activity may be afoot.' **Terry v. Ohio,** 1968, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884, 20 L. Ed. 2d 889. See **Adams v. Williams,** 1972, 407 U.S. 143, 92 S. Ct. 1921, 32 L. Ed. 2d 612; **United States v. Brignoni-Ponce,** 1975, 422 U.S. 873, 95 S. Ct. 2574, 45 L. Ed 2d 607; **United States v. Hall, 5Cir. 1977, 557 F 2d 1114, cert. Denied,** 434 U.S. 907, 98 S. Ct. 308, 54 L.Ed. 2d 194. The officer must be 'able to point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant that intrusion. **Terry,** 392 U.S. At 21, 88 S. Ct. at 1880.

In the case at bar, members of the Clarksdale Police Department received a tip from an anonymous person who informed them that Defendant was a convicted felon, and had a firearm in his possession. As a result of said tip, members of the Clarksdale Police Department allegedly called the Mississippi Department of Correction to confirm that Defendant was a convicted felon. Thereafter, Defendant was seized, arrested, searched, and removed from a convenience store in Clarksdale. He was ordered to return to his vehicle wherein he was first searched, and the vehicle he was traveling in was searched.

In their search of Defendant, a gun was removed from Defendant's person. Defendant submits that the search and seizure of Defendant was unreasonable, and unconstitutional, and the gun which was seized from Defendant should be suppressed, and not admitted into evidence by this Court.

Other than obtaining information from the Mississippi Department of Correction, members of the Clarksdale Police Department did not make any meaningful investigation to corroborate the tipster's information conveyed. As such, this Court should hold that "the corroboration was so slight that it created no justification for believing that the informant was 'relying on something more substantial than a casual rumor'. **Spinelli,** 393 U.S. At 416, 89 S. Ct. at 589. "Reasonable suspicion requires more than this minimal corroboration of innocent details." **United States v. McLeroy,** 584 F 2d 746, 748 (5th Cir. 1978). See **United States v. DeVita,** 9th Cir. 1975, 526 F 2d 81 (per curiam).

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this Court suppresses the gun seized from Defendant, and not allow the Government to introduce same into evidence due to a violation of Defendant's right not to be subjected to unreasonable search and seizure.

                Respectfully submitted,

            BY: /s/ Azki Shah_____
               AZKI SHAH
               COUNSEL FOR DEFENDANT

AZKI SHAH
ATTORNEY AT LAW
318 DELTA AVENUE
CLARKSDALE, MS  38614
662-621-9996
FAX:  662-621-9997
EMAIL:  atty.azki.shah@gmail.com

## CERTIFICATE OF SERVICE

 I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and I hereby certify that I have mailed by United States Postal service the document to the non-ECF participants.  The following is a list of all counsel of record or parties regardless whether electronically notified by the court or sent via United States Postal Service by this firm:

      United States Attorney General's Office
      Ethridge Building
      900 Jefferson Avenue
      Oxford, MS  38655

through USPS, postage prepaid, on this the 30th day of November, 2016.

              /s/ Azki Shah_____
              AZKI SHAH
              COUNSEL FOR DEFENDANT